PEOPLE v BLACKMER

Docket No. 318858. Submitted February 3, 2015, at Grand Rapids. Decided February 10, 2015, at 9:00 a.m. Leave to appeal denied, 498 Mich 868.

In December 1981, defendant sexually assaulted the victim at gunpoint. The police closed the case in March 1982 because the victim did not know defendant, and the police had no leads or suspects. Defendant traveled to Indiana in June 1982, committed another sexual assault, and was arrested, convicted, and sentenced to 90 years of imprisonment. In May 2011, the police learned that defendant's DNA matched DNA taken in the closed case. Defendant, still incarcerated in Indiana, was extradited to Michigan where he was convicted by plea in the Kent Circuit Court, Mark A. Trusock, J., of one count of first-degree criminal sexual conduct, MCL 750.520b(1)(e). Defendant had reserved the right to appeal his conviction. Arguing that the statute of limitations barred his Michigan prosecution, defendant appealed his conviction by leave granted.

The Court of Appeals *held*:

The trial court properly held that defendant's incarceration in Indiana effectively tolled the applicable statute of limitations, MCL 767.24, as it existed in 1982, beginning at the time defendant was incarcerated. Specifically, the trial court correctly concluded that, for purposes of the nonresident tolling provision of MCL 767.24, as amended by 1954 PA 100, defendant "was not usually and publicly resident within [Michigan]" during 1982 to 2013, and therefore, the period of limitations was tolled from 1982 until defendant's extradition to Michigan in 2013. Consequently, the statute of limitations did not bar defendant's 2013 prosecution for the 1981 crime.

Affirmed.

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, and *Timothy K. McMorrow*, Chief Appellate Attorney, for the people.

*Robert J. Dunn, PC* (by *Robert J. Dunn*), for defendant.

Before: O'CONNELL, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM. Defendant appeals by leave granted his plea-based conviction of one count of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(e), arguing that his prosecution was barred by the statute of limitations. We affirm.

The facts in this case are undisputed. On December 17, 1981, defendant sexually assaulted the victim at gunpoint. The victim did not know defendant. Because there were no leads or suspects, the police closed the case in March 1982. In June 1982, defendant traveled to Indiana for his employment. While there, he committed another sexual assault for which he was arrested, convicted, and sentenced to 90 years of incarceration in Indiana. In May 2011, the police in Grand Rapids learned that the Combined DNA Index System database identified a match between DNA obtained from the sexual assault kit completed in this case and defendant, who was still incarcerated in Indiana. Defendant was extradited to Michigan under the Interstate Agreement on Detainers, MCL 780.601, and on May 17, 2013, an information charging defendant with one count of CSC-I was filed in Kent Circuit Court.

Defendant's only argument on appeal is that the applicable statute of limitations barred the prosecution against him. When the crime in this case was committed, the applicable statute of limitations stated:

> An indictment[1] for the crime of murder may be found at any period after the death of the person alleged to have

---

[1] The term "indictment" refers also to charges brought by filing an information. *People v Russo,* 439 Mich 584, 588 n 1; 487 NW2d 698 (1992); MCL 767.2.

been murdered; indictments for the crimes of kidnapping, extortion, assault with intent to commit murder and conspiracy to commit murder shall be found and filed within 10 years after the commission of the offense; all other indictments shall be found and filed within 6 years after the commission of the offense; but any period during which the party charged was not usually and publicly resident within this state shall not be reckoned as part of the time within which the respective indictments shall be found and filed. [MCL 767.24, as amended by 1954 PA 100.]

The extension of the period of limitations with respect to victims of CSC-I to more than six years did not occur until 2001. See 2001 PA 6. But this amendment could not revive a charge for which the limitations period had already run. See *People v Russo*, 439 Mich 584, 593-595; 487 NW2d 698 (1992). The six-year period of limitations that was applicable at the time the crime was committed in this case expired in 1987 unless the statute was tolled because defendant "was not usually and publicly resident within this state" between 1982 and 2013. Former MCL 767.24. Defendant argues that despite his incarceration in Indiana between 1982 and 2013, the nonresident tolling provision does not apply because he intended to return to Michigan.

The plain language of the former MCL 767.24 is clear and unambiguous. *People v Crear*, 242 Mich App 158, 164; 618 NW2d 91 (2000), overruled in part on other grounds by *People v Miller*, 482 Mich 540, 561 n 26 (2008). The statute must be applied as written, and judicial interpretation is not required or permitted. *People v Gardner*, 482 Mich 41, 50; 753 NW2d 78 (2008). Further, "all undefined 'words and phrases shall be construed and understood according to the common and approved usage of the language[.]' "

*People v Laidler*, 491 Mich 339, 347; 817 NW2d 517 (2012), quoting MCL 8.3a (alteration in original). To ascertain the ordinary meaning of undefined words in a statute, a court may consult a dictionary. *Laidler*, 491 Mich at 347 (citation omitted). The word "usual" means "customary or habitual"; the word "publicly" means, in this context, "open to the view of all"; and the word "resident" means "dwelling in a place." See *Random House Webster's College Dictionary* (1992). In sum, the plain and unambiguous language of the nonresident tolling provision at issue provided that the limitations period was tolled for any period in which a defendant was not customarily and openly living in Michigan. Defendant's subjective intent is irrelevant to this definition. See *People v Breidenbach*, 489 Mich 1, 10; 798 NW2d 738 (2011) ("[A] court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself.") (citation and quotation marks omitted). The facts of this case patently show that defendant did not customarily and openly live in Michigan between 1982 and 2013; therefore, the trial court properly determined that the period of limitations was tolled from the time defendant left Michigan in 1982, and the court properly denied defendant's motion to dismiss.

We affirm.

O'CONNELL, P.J., and SAWYER and MARKEY, JJ., concurred.